IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VANDER DAVIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-21-3164 |
| MARYLAND PAROLE COMMISSION, *et al.*, | * | |
| Defendants. | * | |

***

# **MEMORANDUM**

The self-represented plaintiff, Vander Davis, filed suit against the Maryland Parole Commission ("MPC"), Parole Officers Mya Collins and David Law, and case manager Michael Nines, claiming violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213 (2018), and the Rehabilitation Act, 29 U.S.C. §§ 701–796.  ECF 1.  By Memorandum Opinion and Order dated December 21, 2022, I dismissed Davis's claims against defendants Collins, Law, and Nines because the ADA and the Rehabilitation Act apply solely to public entities and not individual defendants.  ECF 22, 23.  I also granted summary judgment in favor of defendant MPC, as Davis failed to show the requisite discrimination necessary to succeed on an ADA or Rehabilitation Act claim.  *Id.*

Now pending is Davis's Motion to Alter or Amend the Judgment, filed on January 17, 2023, seeking to substitute a separate set of defendants while maintaining the same claims.  ECF 24.  Defendants have filed a response in opposition.  ECF 25.  Because Davis filed his motion within 28 days after the final judgment, Federal Rule of Civil Procedure 59(e) controls.  *Bolden v. McCabe, Weisberg & Conway, LLC*, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014); *see also* Fed. R. Civ. P. 59(e) (stating that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

Rule 59(e) "permits the district court to reconsider a decision in certain circumstances." *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012) (citing Fed. R. Civ. P. 56(e)), *aff'd*, 746 F.3d 546 (4th Cir. 2014). But, the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment. However, the Fourth Circuit has clarified: "Our case law makes clear [] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see United States ex el Carter v. Halliburton Co.*, 866 F. 3d 199, 210-11 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 2674 (2018); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

As indicated, a district court may amend a judgment under rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Another purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at

reconsideration, not initial consideration.'") (citation omitted). In other words, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); *see* 11 WRIGHT ET AL, FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied"). Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted).

Furthermore, "[w]here the proposed amendment to the complaint appears to be a futility, . . . this court has the discretion to deny leave to amend." *Pevia v. Wexford Health Source, Inc.*, Civil Action No. ELH-16-3810, 2018 WL 6271048, at *1 (D. Md. Nov. 30, 2018). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Id.* (citing *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.")).

In this case, there has been no change in the controlling law, nor has Davis presented any new evidence or alleged an error of law. Rather, he seeks to name new parties while proceeding under the same cause of action, which this court has already adjudicated. Specifically, Davis proposes to substitute the Maryland Department of Public Safety and Correctional Services, Bradley Butler, and Western Correctional Institution in place of the originally named defendants. ECF 24. Like defendants Collins, Law, and Nines, however, Butler would be subject to dismissal because the ADA and the Rehabilitation Act apply solely to public entities. Moreover, as Davis failed to show discrimination, a requisite factor of an ADA or Rehabilitation Act claim, he would

ultimately fail to succeed on the merits even if his claims were brought against a new set of defendants.

Davis provides no grounds for reconsideration. Therefore, his Motion to Alter or Amend the Judgment will be denied.[1] An Order follows.


Date: February 14, 2023
           /s/
Ellen L. Hollander
United States District Judge

---

[1] I express no opinion as to Davis's right to file another suit against the defendants he seeks to add to this case.